UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SERGIO APORTELA, <br> TDCJ No. 1339679, <br>     Petitioner, | § <br> § <br> § <br> § <br> § <br> § | |
| | § | EP-17-CV-85-PRM |
| LORIE DAVIS, <br> Director, Texas Department of <br> Criminal Justice, Correctional <br> Institutions Division, <br>     Respondent. | § <br> § <br> § <br> § <br> § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Sergio Aportela's [hereinafter "Petitioner"] pro se "Petition for a Writ of Habeas Corpus by a Person in State Custody" [hereinafter "Petition"] pursuant to 28 U.S.C. § 2254 (ECF No. 4),[1] filed on April 6, 2017; Respondent Lorie Davis's "Answer with Brief in Support" (ECF No. 9), filed on June 5, 2017; and Petitioner's "Response to Respondent's Answer" (ECF No. 14), filed on June 29, 2017, in the above-captioned cause. In his Petition, Petitioner challenges

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-17-CR-85-PRM. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Respondent's custody over him based on his convictions in cause number 20030D04554 in the 384th Judicial District Court in El Paso County, Texas, for aggravated sexual assault of a child and indecency with a child. After reviewing the record and for the reasons discussed below, the Court concludes that Petitioner's claims are time barred. Accordingly, the Court will deny the Petition and dismiss this cause with prejudice. The Court will additionally deny Petitioner a certificate of appealability.

I. BACKGROUND AND PROCEDURAL HISTORY

Sometime during the 1990s, Petitioner became romantically involved with a woman who lived in Canutillo, Texas.[2] By 1998, Petitioner had moved into the home that the woman shared with her two minor children.

On the morning of June 29, 2003, the woman discovered Petitioner with her daughter under a blanket on her kitchen floor. When questioned, the daughter explained to her mother that Petitioner had sent her younger brother outside and asked her to lock the door. Petitioner then told her to lie down on the floor next to him. When the daughter complied, Petitioner pulled the blanket over both of them and began "putting his fingers all over

---

[2] *See Aportela v. State*, 08-05-00396-CR, 2007 WL 2523551 (Tex. App.—El Paso Sept. 6, 2007, pet. ref'd) (describing the facts in this case in more detail).

2

[her] legs."[3] After the incident, Petitioner left the home at the insistence of the victim's mother. During a subsequent investigation, the victim complained that Petitioner had sexually assaulted her on multiple occasions, starting when she was twelve years old.

A grand jury indicted Petitioner on September 24, 2003, on two counts of aggravated sexual assault of a child and two counts of indecency with a child.[4] Petitioner pleaded not guilty and proceeded to trial. On November 9, 2005, a jury returned two guilty verdicts, one for aggravated sexual assault of a child by digital penetration and one for indecency with a child by touching complainant's genitals.[5] The jury assessed punishment at fifty years' confinement for the aggravated sexual assault and ten years' confinement for indecency with a child.[6]

Petitioner timely appealed his convictions and sentences. Petitioner asserted that the trial court erred by admitting evidence of extraneous offenses. He argued that he was entitled to a jury instruction that explained

---

[3] *Id.* at *1.

[4] Indictment 4–7, Sept. 24, 2003, ECF No. 10-18.

[5] J. on Jury Verdict 9–14, Nov. 14, 2005, ECF No. 10-18.

[6] *Aportela*, 2007 WL 2523551, at *1–2.

that extraneous offenses could only be considered for limited purposes. Petitioner also asserted that he was entitled to an instruction during all phases of the trial that explained that before the jury could consider the extraneous offenses, the State needed to prove that Petitioner had committed them beyond a reasonable doubt.[7]

In a decision entered on September 6, 2007, the Texas Court of Appeals affirmed Petitioner's convictions and sentences. The Court of Criminal Appeals denied his petition for discretionary review on April 23, 2008.[8]

Petitioner, through retained counsel, filed an application for a state writ of habeas corpus on May 16, 2015.[9] In his state writ application, Petitioner alleged that his counsel provided constitutionally ineffective assistance.[10] Specifically, he argued that his counsel failed to adequately investigate "two critical defense witnesses who were related to the alleged victim."[11] He claimed that the witnesses would testify that the victim's mother told them

---

[7] *Id.* at *2–3.

[8] *Id.*

[9] Appl. for a Writ of Habeas Corpus 20, May 16, 2015, ECF No. 10-24.

[10] *Id.* at 9.

[11] *Id.*

4

two different stories about how she first discovered that Petitioner sexually abused her daughter.[12] Petitioner also argued that his counsel's performance was deficient with regard to jury voir dire, and that his counsel "simply told [Petitioner] that he should not testify."[13] Petitioner maintained that, had he testified, he "would have told the Jury that he was innocent."[14]

On May 10, 2016, the state trial court issued findings of fact and conclusions of law, and recommended that the Texas Court of Criminal Appeals deny the writ.[15] On September 7, 2016, the Court of Criminal Appeals accepted the recommendation and denied the writ without written order on the findings of the trial court.[16]

Mindful of Petitioner's pro se status,[17] the Court understands him to

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] Findings of Fact, Conclusions of Law, Recommendation and Order to the Clerk 110–16, May 10, 2016, ECF No. 10-23.

[16] Appl. for 11.07 Writ of Habeas Corpus, Action Taken, Sept. 7, 2016, ECF No. 10-15.

[17] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotation marks omitted); *cf.* Fed. Rule

5

now assert that his counsel provided constitutionally ineffective assistance when he failed to investigate and subpoena two critical witnesses and failed to allow Petitioner to testify.[18] In her Answer, Respondent argues that the Court should deny the Petition because both of Petitioner's claims are time barred and one of his claims is both unexhausted and procedurally barred.[19]

## II. APPLICABLE LAW

Claims under § 2254 are subject to a one-year statute of limitations.[20] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively

---

Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

[18] Pet'r's Pet. 14–22, Jan. 19, 2017, ECF No. 4.

[19] Resp't's Answer 3–4, 7–10, June 5, 2017, ECF No. 9.

[20] *See* 28 U.S.C. § 2244(d)(1) (2012) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[21]

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[22] "[A]n application is *properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery."[23]

Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[24] Equitable tolling is not, however, available for "garden variety claims of excusable neglect."[25] It is justified only "in rare and

---

[21] *Id.* §§ 2244(d)(1)(A)–(D).

[22] *Id.* § 2244(d)(2).

[23] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[24] *See Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[25] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

exceptional circumstances."[26] Such circumstances include situations where a petitioner is actively misled by the respondent, "or is prevented in some extraordinary way from asserting his rights."[27] Moreover, "[e]quity is not intended for those who sleep on their rights."[28] Rather, "[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim."[29] Furthermore, a petitioner has the burden of proving his entitlement to equitable tolling.[30] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2254 motion.[31]

---

[26] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[27] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[28] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[29] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[30] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

[31] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## III. ANALYSIS

As an initial matter, Petitioner does not indicate that any unconstitutional "State action" prevented him from timely filing his application for federal habeas relief.[32] Further, his claims do not concern a constitutional right recognized by the Supreme Court and made retroactive to cases on collateral review.[33] Moreover, his claims were clearly discoverable, through the exercise of due diligence, well within a year after his convictions.[34] Thus, Petitioner's limitations period began to run when his judgment of conviction became final.[35]

The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on April 23, 2008.[36] Petitioner did not file a petition for certiorari. Therefore, Petitioner's conviction became final on July 22, 2008, at the conclusion of the time for seeking direct review of his conviction.[37] As a

---

[32] 28 U.S.C. § 2244(d)(1)(B).

[33] *Id.* § 2244(d)(1)(C).

[34] *Id.* § 2244(d)(1)(D).

[35] *Id.* § 2244(d)(1)(A).

[36] *Aportela*, 2007 WL 2523551, at *1.

[37] *See* Sup. Ct. R. 13.1, 13.3; *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

9

result, Petitioner had until July 22, 2009, to file a federal habeas petition. Petitioner dated and presumably placed his federal petition for a writ of habeas corpus in the prison mail system on January 19, 2017.[38] Thus, Petitioner filed his motion more than seven years beyond the deadline. It is therefore untimely, and must be denied, unless statutory or equitable tolling applies.

To be entitled to statutory tolling, a petitioner must file a state writ application *before* the federal limitations period expires.[39] Petitioner did not file his state writ application until May 16, 2015, nearly six years *after* the statute of limitations expired on July 22, 2009. As a result, Petitioner is not entitled to statutory tolling and his petition must be denied unless the Court determines that it should equitably toll the limitations period.[40]

A court may equitably toll the limitations period only if rare and

---

[38] Pet'r's Pet. 10; *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (explaining a pro se prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)). The Court notes the District Clerk did not receive Petitioner's Petition until March 21, 2017.

[39] *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *Gordon v. Dretke*, 107 F. App'x 404, 405–06 (5th Cir. 2004).

[40] 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

exceptional circumstances, beyond a petitioner's control, make it impossible to file a petition on time.[41] In Petitioner's Response to Respondent's Answer, he asserts an entitlement to tolling because, he claims for a variety of reasons, his retained post-conviction counsel could not complete his state writ application from July 22, 2008, when his conviction became final, until May 16, 2015, when he filed the application.[42] Petitioner argues that "he cannot be held responsible for all of the personal problems his attorney was experiencing."[43] Petitioner implies he was denied the effective assistance of state habeas counsel.[44]

An ineffective assistance of counsel claim does not warrant equitable tolling.[45] Further, difficulty obtaining records or lack of knowledge of the law and filing rules does not justify equitable tolling.[46] Petitioner has not

---

[41] *Cousin*, 310 F.3d at 848 (quoting *Davis* 158 F.3d at 811).

[42] Reply, June 20, 2017, ECF No. 14 at 6–8.

[43] *Id.* at 8.

[44] *Id.* at 7.

[45] *Cousin*, 310 F.3d at 849 (finding "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"); *Molo v. Johnson*, 207 F.3d 773, 775–76 (5th Cir. 2000); *Felder*, 204 F.3d at 171.

[46] *Felder*, 204 F.3d at 171–72; *Fisher*, 174 F.3d at 714.

demonstrated that exceptional circumstances prevented him from filing a timely petition which would warrant equitable tolling of the limitations period.[47]

Additionally, a federal habeas petitioner is entitled to equitable tolling only if he shows that he diligently pursued his rights.[48] In this case, Petitioner has not shown that he exercised due diligence in pursuing his claims.[49] Petitioner allowed nearly six years to lapse between the date his conviction became final and the date his retained counsel filed his state writ application. "The act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition."[50] Petitioner offers no evidence that he made any effort to ensure that his counsel would timely file his state postconviction application,

---

[47] *Felder*, 204 F.3d at 171–72; *Davis*, 158 F.3d at 811; *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

[48] *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (citing *Holland*, 560 U.S. at 649).

[49] *Palacios v. Stephens*, 723 F.3d 600 (5th Cir. 2013) (finding no diligence where the petitioner spent seven months of statute of limitations period seeking an attorney and did not file protective petition after discharging attorney); *Fisher*, 174 F.3d at 715.

[50] *Manning v. Epps*, 688 F.3d 177, 185 n.2 (5th Cir. 2012) (internal quotation marks and citation omitted).

or that he was unable to file a pro se petition within the limitations period. Moreover, he delayed filing his federal petition for more than six months after the Court of Criminal Appeals denied his state writ application. Accordingly, the Court finds that Petitioner is not entitled to equitable tolling.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[51] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[52]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[53] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find

---

[51] 28 U.S.C. § 2253(c)(1) (2012).

[52] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[53] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012).

the district court's assessment of the constitutional claims debatable or wrong."[54] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[55]

Although Petitioner has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[56] In this case, the Court finds that reasonable jurists could not debate the dismissal of Petitioner's § 2254 petition on substantive or procedural grounds, or find that the issues presented are adequate to deserve encouragement to proceed.[57] Therefore, the Court shall not issue a certificate

---

[54] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[55] *Id.*

[56] *See* 28 U.S.C. foll. § 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.")

[57] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), (*citing Slack*, 529 U.S. at 484.)

14

of appealability.

## V. CONCLUSION AND ORDERS

The Court concludes that Petitioner's habeas application is time-barred and that he is not entitled to equitable tolling. The Court further concludes that Petitioner is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Sergio Aportela's pro se "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 4) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner Sergio Aportela is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 30 day of April, 2018.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE